## UNITED STATES DISTRICT COURT.

IN THE MATTER OF JULIUS HEYE, a voluntary bankrupt.

By section 21 of the bankrupt act, the time named in the warrant for the first meeting of creditors is to be fixed by the register. And it is a matter of discretion with him.

The notices must be served on foreign creditors, as well as those who reside in the United States.

Where all the creditors resided in Germany, *held*, that sixty days was a reasonable time in which to serve the notices.

*Southern District of New York.*
*In Bankruptcy, before* JOHN FITCH, *Register.*

THE petitioner has filed his petition, schedules, &c. The petitioner shows that he is indebted to some eight or ten persons in a sum not exceeding twelve thousand dollars in all. These creditors are all foreigners residing in Europe. Names, residences and amounts stated. On the return day mentioned in the order of reference, July 27th, A. D., 1867, the petitioner by Geo. W. De Costa, his attorney, moves that the time fixed in the warrant for the first meeting of creditors, should be twenty days from the 27th day of July, 1867.

By section 21 of the bankrupt act, he has sole control of the case, and of the time for the return day in the warrant.

The register holds, that a reasonable time should be given, say sixty days, and service of the notice by mail properly directed and foreign postage paid. As the statute contemplates fairness in all proceedings had under this law, it is only justice that a reasonable time should be allowed foreign creditors to appear by attorney and contest, if they desire to do so, the discharge of the petitioner, as well as prove their claims. Any other course would not give the creditors a fair or reasonable notice; it is optional with the register to allow as much time as he choses, not exceeding the time fixed by section 21 of the bankrupt act and rules of the court; that

such option should be reasonably and properly exercised to further the objects of the law.

That the Code of Procedure of the state of New York in proceeding against non-residents, gives nearly sixty days notice by publication (§ 135, *sub.* 5); and in this case sixty days time is not too much if notice is to be given at all to foreign creditors; the twenty days as asked for is a mere denial, to give them notice, as the notice could not reach them.

The register for these reasons, denies the motion of petitioner's attorney, and decides that sixty days time from the date of the warrant (when issued), is the shortest time that could reasonably be named in the warrant for the first meeting of creditors, and that notice by mail properly directed, foreign postage paid, be sent by the marshal as messenger to each creditor.

The petitioner through his counsel Geo. W. De Costa, objects to the ruling of the register in relation to the method of giving notice to creditors beyond the jurisdiction of the United States—in this—that the clause in the eleventh section of the bankrupt law, concerning notice to creditors, only contemplates the United States—and creditors *beyond* its jurisdiction should be notified *constructively by publication in the United States only.*

1. Law comprehends as to notice, the United States only or the *whole world.*

2. Law intends to give honest debtors the benefit of the law, with as little delay and expense as possible.

3. Allowing creditors out of the jurisdiction to prove debts and participate in the distribution of assets, while reserving the right to proceed against the petitioner, when found in their own country, is in the nature of a preference.

4. Personal notice beyond the United States impracticable.

5. Notice to creditors by mail in all foreign countries, where there are no assets, does the creditor no good and

deprives him of no right, and subjects the petitioning debtor to unnecessary delay and expense (*see* 4 *Cow.* 607); and as to citizens of different states see 4 *Cow.* 103.

6. Bankrupt law ignores the moral obligations between creditor and debtor. Divorce suits to final decree in many of the United States on notice by publication, i. e. constructive notice; and the property of non-residents is sold and sold on execution on notice by publication.

7. In exercising *judicial discretion*, if this be a case of that kind, the court ought and is not bound to go beyond the law in the exercise of discretion in favor of a citizen of a foreign country, where the laws of the different states do not require the action (i. e. actual notice by mail). On behalf of citizens of the United States, English bankrupt laws only require *constructive* notice in England, i. e. in the " Gazette."

On motion of G. W. De Costa, attorney, for petitioner the 8th day of August, 1867, was fixed for the further hearing of the application and these proceedings certified to his Hon. SAMUEL BLATCHFORD, district judge for, his decision thereon.

JOHN FITCH,
*Register.*

*In Bankruptcy.*
*Southern District of New York.*

BLATCHFORD, J. In this case all the creditors of the petitioner, some eight or ten in number, are foreigners, residing in Germany. On the return day named in the order of reference, the petitioner requested the register to fix a day, twenty days from such return day, as the day for the first meeting of creditors.

The register decided that sixty days' time from the date of the warrant, when issued, was the shortest time that could reasonably be named in the warrant for the first meeting of creditors ; and that notices should be sent by mail to the creditors by the messenger, properly directed and with the foreign postage pre-paid. The petitioner contended that the clause

in the eleventh section of the bankrupt act, concerning service of notice on creditors by mail or personally, refers only to creditors residing within the United States, and that creditors residing out of the United States, are, under that section, to be notified constructively by the publication of notice in the newspapers specified in the warrant. On the application of the petitioner, the register certified the proceedings to the judge for his decision thereon.

The register was correct in his decision. The eleventh section of the act requires that the warrant shall authorize the messenger to publish notices in such newspapers as the warrant specifies, and to serve written or printed notices, by mail or personally, on *all* creditors upon the schedule filed with the debtor's petition, or whose names may be given to him in addition by the debtor.

The same section then goes on to specify what particulars the notice so to be served, shall state. One of these particulars is that a meeting of the creditors of the debtor will be held " at a time and place designated in the warrant, not less than ten, nor more than *ninety* days after the issuing of the same." This allowance of as much time as ninety days, in connection with the actual requirement, that notice shall be served, by mail or personally, on *all* creditors, shows clearly that it was the intention of congress that as much as ninety days' time between the issuing of the warrant and the first meeting of creditors, shall be allowed in cases where the creditors reside so far away as to make such an interval a reasonable one. The fixing of the time is a matter of discretion, which it was the province of the register to exercise in this case; and there is nothing to show that he did not exercise it wisely in fixing sixty days' time.